UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

Appeal Case No. 13-8004

Civil Case No:   1:99 – cv – 00125 JMF

Odilla Mutaka Mwani, *et al.*,       :
                                      :
  *Appellants*                        :
                                      :
v.                                    :
                                      :
                                      :
                                      :
Usama bin Laden ., *et.al.*           :
                                      :
  *Appellees*                         :

**RESPONSE TO ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DENIED BECAUSE THE CHALLENGED ORDER WAS NOT ADVERSE TO PETITIONERS**

Petitioners and plaintiffs below (hereinafter "Petitioners") respond to this Court's August 2, 2013 Order to show cause why the petition for an interlocutory appeal should not be denied because the challenged order was not adverse to petitioners, Document # 1449775 (the "Show Cause Order"), as follows:

A. The Pertinent District Court Orders

As noted in Petitioners' application for permission to appeal pursuant to 28 U.S.C. § 1292, this appeal arises out of two orders entered by the United

States Magistrate Judge assigned by consent to the case below for all purposes pursuant to 28 U.S.C. § 636 (c):

First, on April 18, 2013, the Magistrate Judge issued an order which provided as follows:

> This case has been stayed since January 10, 2012, pending the outcome of a rehearing en banc in Doe v. Exxon Mobil Corp., 09-7135 (D.C. Cir. Nov 14, 2011), which itself was stayed pending the decision of two cases before the Supreme Court regarding the reach of the Alien Tort Statute. One of those Supreme Court cases, Kiobel v. Royal Dutch Petroleum Co., No. 10-1491, ___ U.S. ___ (April 17, 2013),[1] was decided yesterday. In its opinion, the Supreme Court held that the presumption against extraterritoriality applies to claims brought under the Alien Tort Statute, and there is nothing in the statute to rebut that presumption. According to this ruling, it appears that the Alien Tort Statute does not grant jurisdiction over claims brought by foreign nationals against other foreign nationals or groups for acts that occurred on foreign soil. It is, therefore, hereby, ORDERED that the plaintiffs show cause in writing by no later than May 20, 2013, why this case should not be dismissed for lack of jurisdiction.

On May 20, 2013, plaintiffs filed their Response to the Order to Show Cause. ECF 109. In that response, Plaintiffs argued that the Supreme Court decision in *Kiobel* provided a standard for application of the ATS which was satisfied by the claims in this case.

On May 29, 2013, the Magistrate Judge issued a second Order. In that Order, the Magistrate Judge concluded under *Kiobel* that the court had

---

[1] 133 S.Ct.1659.

subject matter jurisdiction over the claims in this case, but the court stayed the case pending disposition of that issue by this Court pursuant to 28 U.S.C. § 1292. The Order directed plaintiffs to initiate an application pursuant to that statute. As the Magistrate Judge explained:

> However, because this is likely to be the first opinion interpreting the Kiobel decision, my decision on the subject matter jurisdiction issue is one of first impression and there may be a substantial difference of opinion among judges whether it is correct. Given that, and rather than proceeding to the complicated issue of choice of law and the fact-intensive task of issuing bellwether findings that will apply to over 500 plaintiffs, it appears to be more prudent to immediately certify this issue for appeal to the Court of Appeals under 28 U.S.C. § 1292(b)…
>
> I will therefore order that the plaintiffs in this case submit an application for appeal of this issue to the Court of Appeals under 28 U.S.C. § 1292. I will also order that any further proceedings in this case be stayed until the Court of Appeals has ruled on this matter (internal quotations omitted). ECF 110, at 7-8.

Petitioners' application was filed on June 6, 2013 in accordance with the direction of the district court. Petitioners sought "an appellate determination that the district court has and had subject matter jurisdiction over the claims against defendants Usama bin Laden and al Qaeda under the Alien Tort Statute as that statute was recently construed in *Kiobel*." Petition, at 15.

3

B.  There Is A Basis for Grant of the Petition

In the Petition, Petitioners briefly addressed the issue of adversity by reference to *Deposit Guaranty National Bank v. Roper* 100 S.Ct. 1166, 445 U.S. 326, 63 L.Ed.2d 427, rehearing denied 100 S.Ct. 2177, 446 U.S. 947, 64 L.Ed.2d 804 (1980). Petition, at 14.  In *Deposit Guaranty*, the Supreme Court observed:

> Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it. ... The rule is one of federal appellate practice, however, derived from the statutes granting appellate jurisdiction and the historic practices of the appellate courts; it does not have its source in the jurisdictional limitations of Art. III. In an appropriate case appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits, so long as that party retains a stake in the appeal satisfying the requirements of Art. III.

At 1171-1172, 333-334.  Arguably, the entry of the adverse stay coupled with a favorable ruling on the jurisdictional merits - when assessed in a case in which there is no prospect that a non-prevailing party can or will appeal the jurisdictional ruling or any subsequent final ruling on the merits – warrants appellate review. As the Magistrate Judge wrote:

> ...my decision on the subject matter jurisdiction issue is one of first impression and there may be a substantial difference of

4

opinion among judges whether it is correct. Given that, and rather than proceeding to the complicated issue of choice of law and the fact-intensive task of issuing bellwether findings that will apply to over 500 plaintiffs, it appears to be more prudent to immediately certify this issue for appeal....

In *International Brotherhood of Electrical Workers v. Interstate Commerce Commission* 274 U.S.App. D.C. 103, 862 F.2d 330 (D.C. Cir. 1988) this Circuit addressed an appeal which "...comes to us in a somewhat unusual posture." At 334. The IBEW union appellants had prevailed in the ICC's review of an arbitration decision, but appealed the determination that the agency had jurisdiction to review arbitration awards. This Court found "standing to maintain this appeal." *Id.* As the Court wrote:

> Even if the resolution of this issue is seen as "collateral" to the merits of the case, the union has been adversely affected by the Commission's holding. Because of the ICC's decision to review arbitration awards, the union will be subject to agency review in future cases ...." This injury is similar to interests held to be sufficient to confer appellate standing on the otherwise prevailing party.

*Id.*, at 334. The touchstone of the *IBEW* decision was, thus, the likelihood of a cognizable future injury to a prevailing party from an ostensibly collateral component of the ruling under review.

Ten years later, in *Sea-Land Services Inc. v. Department of Transportation* 329 U.S.App.D.C. 108, 137 F.3d 640 (DC Cir. 1998), this court distinguished *IBEW*, concluding that challenges over the "rationale"

5

supporting the decision on appeal, or "mere precedential effect," were inadequate to establish the "cognizable Article III injury" necessary to "create Article III standing." *Id.*, at 648.

This year, in *US v. Windsor* 113 S.Ct. 2675, __US __, 186 L. Ed. 2d 808 (2013), the Supreme Court addressed the "…prudential concerns that otherwise might counsel against hearing an appeal from a decision with which the principal parties agree." 113 S.Ct. at 2688. The Court then took into consideration, among other factors, the "…cost in judicial resources and expense of litigation for all persons adversely affected…," *id*, which the Court determined would be "immense."

Petitioners do not contend that they fit within the *IBEW* "exception." *Sea-Land, supra,* at 647. Nor do petitioners argue that an appellate determination on jurisdiction will defray petitioners' litigation expenses. But the Magistrate Judge prudently directed a petition for review because there is no litigant in a conventional procedural position to submit in advance of the devotion of substantial district court "judicial resources," *Windsor, supra,* the subject matter jurisdiction issue to this Court, as might otherwise be expected where subject matter jurisdiction was contested at the trial level by a participating defendant. Where, as here, the collateral entry of a stay creates a cognizable injury to Petitioners, this Court can grant the petition

6

without offending the broad principle that "a party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Windsor, supra,* 113 S.Ct. at 2687.

Respectfully Submitted,

Philip M. Musolino
Musolino and Dessel PLLC
Suite 440
1615 L Street, NW
Washington, DC 20036
*Voice:* 202-466-3883
*Fax:* 202-775-7477
*Email*: pmusolinoanddessel.com

## CERTIFICATE OF SERVICE

I certify that a true copy of this Response To Order To Show Cause Why The Petition Should Not Be Denied Because The Challenged Order Was Not Adverse To Petitioners was served on all counsel of record this 3rd day of September, 2013 via the court's ECF system.

/s/
_____
Philip M. Musolino, Bar #294652